UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOBIAS HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:19-CV-032-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN BARNHART, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Jobias Harris has filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' determination that his federal

conviction was not for a nonviolent felony, and thus that he is ineligible for a reduction in his

sentence if he completes drug rehabilitation programming. [R. 1]  The Court must screen the

petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x

544, 545 (6th Cir. 2011).[1]

In 2017, Harris pleaded guilty to a single count of being a felon in possession of a firearm

and ammunition in violation of 18 U.S.C. § 922(g), and the trial court in Knoxville, Tennessee

imposed a 60-month sentence.  As part of its judgment, the court recommended that the Bureau

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the
petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States
District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Harris's
petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,
551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations
of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction"
including "active interpretation" toward encompassing "any allegation stating federal relief.")
(citations and internal quotation marks omitted).

1

of Prisons ("BOP") provide Harris with drug abuse rehabilitation programming. *United States v. Harris*, No. 3: 16-CR-27 (E.D. Tenn. 2016).

Shortly after he entered federal prison, the BOP concluded that while Harris could participate in its Residential Drug Abuse Program ("RDAP"), he was not eligible for any reduction in his sentence even if he completed the program. Federal law permits the BOP to grant a reduction in sentence for up to one year to an inmate who completes the RDAP, but that reduction is only available to inmates convicted of a "nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). By regulation the BOP treats a conviction under § 922(g) as disqualifying because it "involve[s] the carrying, possession, or use of a firearm or other dangerous weapon ..." and because "by its nature or conduct, [it] presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5)(ii), (iii); *see also* BOP Program Statement 5331.02 § 5 (Oct. 1, 2017) and Program Statement 5162.05 § 3(a)(1) (March 16, 2009). Harris challenged the BOP's determination through its inmate grievance process to no avail.

In his petition, Harris contends that the BOP's regulation conflicts with the plain language of § 3621(e)(2)(B) and is therefore invalid. [R. 1-1] Established precedent shows otherwise, and Harris's petition will be denied. The regulation at issue, 28 C.F.R. § 550.55, has a long history involving several splits of authority between the federal courts of appeal regarding the validity of its various iterations dating back to 1995. *See Licon v. Ledezma*, 638 F. 3d 1303, 1306-07 (10th Cir. 2011). But the Supreme Court upheld the validity of the 2000 version of the statute in *Lopez v. Davis*, 531 U.S. 230 (2001), and federal courts have consistently upheld the validity of subsequent versions, including the most recent regulation promulgated in 2009. *See Licon*, 638 F. 3d at 1308-09 (collecting cases); *Peck v. Thomas*, 697 F. 3d 767, 776 (9th Cir.

2012); *Qaiyam v. Farley*, No. 1: 11CV430, 2011 WL 3566852, at \*3-5 (N.D. Ohio Aug. 15, 2011). *See also Cushenberry v. Federal Medical Center*, 530 F. Supp. 2d 908, 913 (E.D. Ky. 2008) (holding that under identically-worded 2000 regulation the BOP did not abuse its discretion in concluding that § 922(g) conviction was not a "non-violent offense" and thus that inmate was ineligible for sentence reduction after completion of RDAP). Because the regulation is valid, the BOP acted properly in determining that it precludes Harris from receiving a reduction in his sentence for completing the RDAP.

Accordingly, **IT IS ORDERED** as follows:

1.   Jobias Harris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2.   This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 24th day of June, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY